### RAYMOND SERRANO *v.* B/M REDEV. CORPORATION ET AL.
### (4936)

HULL, DALY and BIELUCH, Js.

Submitted on briefs December 12, 1986—decision released February 17, 1987

*Ramon A. Pacheco* filed a brief for the appellant (plaintiff).

*Thomas C. Clark* and *John W. Bradley, Jr.,* filed a brief for the appellees (defendants).

PER CURIAM. The plaintiff tenant appeals from the trial court's decision sustaining the defendants' objection to the plaintiff's request for leave to file a substitute complaint and subsequently awarding judgment for the defendants. The sole issue is whether the trial court, after granting the defendants' motion to strike the complaint, may refuse to permit the filing of a substitute complaint within fifteen days, and then render judgment for the defendants.

On or about May 15, 1985, the plaintiff filed a revised complaint against the defendants alleging interference with his restaurant business, by renovation work being done by the named defendant. The defendants filed a motion to strike the revised complaint and an accompanying memorandum of law as required by Practice Book § 155.[1]

The plaintiff failed to file a memorandum of law objecting to the granting of this motion as required by Practice Book § 155. Thus, the plaintiff was "deemed by the court to have consented to the granting of the motion." Practice Book § 155. The revised complaint was stricken in its entirety on September 16, 1985. On September 26, 1985, the plaintiff requested leave to file a substitute complaint, adding a count claiming breach of lease by the defendants. Simultaneously, the plaintiff filed a substitute complaint. An objection to the request was filed by the defendants and sustained on November 19, 1985. Judgment was rendered in favor of the defendants on January 27, 1986.

---

[1] Practice Book § 155 provides in pertinent part: "Each motion to strike must be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies. . . . An adverse party who fails timely to file such a memorandum pursuant to this section shall be deemed by the court to have consented to the granting of the motion."

In this situation, we look to Practice Book § 157 which provides: "Within fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading; provided that in those instances where an entire complaint . . . has been stricken, and the party whose pleading has been so stricken fails to file a new pleading within that fifteen-day period, the court may upon motion enter judgment against said party on said stricken complaint . . . ." In this case, the plaintiff filed a substitute complaint ten days after the previous complaint was stricken; thus, he complied with § 157.

There is error, the judgment is set aside and the case is remanded with direction to permit the filing of the substitute complaint.